```
                         United States Bankruptcy Court
                          Middle District of Tennessee
In re:                                                            Case No. 19-00594-MFH
CHARLES RAYMOND PEER, III                                         Chapter 7
       Debtor                   CERTIFICATE OF NOTICE
District/off: 0650-3          User: slw0703              Page 1 of 1              Date Rcvd: May 06, 2019
                              Form ID: 318               Total Noticed: 7
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 08, 2019.
```
db             +CHARLES RAYMOND PEER, III,    2846 WINDY WAY,    Thompsons Station, TN 37179-9263
6833472        +DAVIDSON COUNTY GENERAL SESSIONS,    CRIMINAL COURT CLERK,    408 2ND AVENUE NORTH, SUITE 2120,
                 Nashville TN 37201-1201
6833474        +I STORAGE CAMPBELL STATION,    3000 HARRAH DRIVE,    Spring Hill TN 37174-8284
6833475        +NPAS,   PO BOX 99400,    Louisville KY 40269-0400
6833476        +WILLIAMSON COUNTY GENERAL SESSIONS CRIMI,    135 4TH AVENUE SOUTH,    Franklin TN 37064-2500
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
6833471        +EDI: AMEREXPR.COM May 07 2019 05:48:00      Amex,    Correspondence/Bankruptcy,    PO Box 981540,
                 El Paso TX 79998-1540
6833473        +E-mail/Text: bankruptcy@huntington.com May 07 2019 02:13:17      Huntington Natl Bk,
                 Attn: Bankruptcy,   PO Box 340996,    Columbus OH 43234-0996
                                                                                               TOTAL: 2
```

```
               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 08, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 6, 2019 at the address(es) listed below:
```
              BRYAN CLARK PENLAND    on behalf of Debtor CHARLES RAYMOND PEER, III
               cm-ecf@jamesflexerconsumerlaw.com, cmecf@ecf.courtdrive.com
              DANIEL CASTAGNA    on behalf of Debtor CHARLES RAYMOND PEER, III
               cm-ecf@jamesflexerconsumerlaw.com, cmecf@ecf.courtdrive.com
              JEANNE ANN BURTON    TN24@ecfcbis.com
              US TRUSTEE    ustpregion08.na.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

| | | |
|---|---|---|
| Debtor 1 | **CHARLES RAYMOND PEER III** | Social Security number or ITIN **xxx–xx–0403** |
| | First Name   Middle Name   Last Name | EIN  _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court   **MIDDLE DISTRICT OF TENNESSEE** | | |
| Case number:  **3:19–bk–00594** | | |

# Order of Discharge                                                                 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

CHARLES RAYMOND PEER III

<u>5/6/19</u>                                           **By the court:**  <u>Marian F Harrison</u>
                                                                                                 United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**